■ PARKER & WAICHMAN, Plaintiff, v PAUL J. NAPOLI et al., Defendants. NAPOLI KAISER BERN & ASSOCIATES LLP, Third-Party Plaintiff-Respondent, v JERROLD PARKER et al., Third-Party Defendants, and TRIEF & OLK, LLP, et al., Third-Party Defendants-Appellants. [858 NYS2d 156]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered November 7, 2007, which denied the Trief third-party defendants' motion for summary judgment without prejudice to renewal following further discovery, unanimously reversed, on the law, with costs, the motion granted, and the third-party complaint dismissed as to said parties. The Clerk is directed to enter judgment accordingly.

This Court's order of May 18, 2006 (29 AD3d 396, *lv dismissed* 7 NY3d 844 [2006]) held that the breach of contract claims asserted by plaintiff on behalf of clients it had referred to third-party plaintiff law firm and others (collectively NKB) in the Fen-Phen diet drug litigation could not be sustained in the absence of proof that plaintiff was a third-party beneficiary of any contract between the referred clients and NKB. We dismissed all of plaintiff's fraud-based claims as an impermissible collateral attack on a prior order. Left standing were plaintiff's allegedly accrued but unpaid referral fee claims, and contract-based damage claims (predicated upon alleged lost fees) associated with the referred-client cases that NKB pursued in an allegedly negligent manner. Such claims concern only contractual fee arrangements between plaintiff and NKB, and there is no evidence from NKB that the Trief parties were involved in such arrangements, or that they interfered with the performance of referral agreements. In any event, NKB's third-party claim for contribution from the Trief parties is devoid of merit inasmuch as there was no evidence that the latter breached a duty owed to plaintiff. In any event, there was no evidence that a breach by the Trief parties contributed to or aggravated plaintiff's alleged damages (*see Rosner v Paley*, 65 NY2d 736, 738 [1985]). Unrefuted record evidence indicates plaintiff's claimed damages arose solely from NKB's allegedly wrongful conduct.

NKB has not shown the need for further discovery. The Trief parties' remaining arguments are rendered academic by the above conclusions, and we decline to reach them. Concur—Andrias, J.P., Nardelli, Acosta and DeGrasse, JJ.